NO. 07-04-0019-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 26, 2004



______________________________




VIVIAN COONS, ET AL., APPELLANTS



V.



TERRY COUNTY APPRAISAL DISTRICT, APPELLEE




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY





NO.15803 ; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.


ON AGREED MOTION FOR CONSOLIDATION OF APPEALS


AND FOR BRIEFING SCHEDULE



 Pending before this Court is an agreed motion for consolidation of four cases and
for a briefing schedule in cause numbers 07-04-0005-CV, 07-04-0007-CV, 07-04-0017-CV,
and 07-04-0019-CV. Pursuant to Rule 2 of the Texas Rules of Appellate Procedure, (1) we
grant the motion in part for the limited purpose of filing the appellate record and the briefs
as follows:

 1. A clerk's record in each separate cause shall be filed in this Court not later
than 30 days beyond the deadlines set in Rule 35.1. 

 2. One consolidated reporter's record of the two Hockley County cases and
one consolidated reporter's record of the two Terry County cases shall be
filed not later than 30 days beyond the deadline set in Rule 35.1. 

 3. An appellant presenting entirely common issues or points of error and
common questions of fact and law may, but is not required to, file a single
brief covering more than one of the cases in which it is a party. To avoid
confusion, the Court directs that record references be provided to all records
as necessary. See Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed
30 days after the last clerk's record or reporter's record is filed in all four
cases. Tex. R. App. P. 38.6(a). At the present time the latest record is due
to be filed on Monday, April 19, 2004. Thus, excepting further orders of this
Court, appellants' briefs are due to be filed on or before Wednesday, May 19,
2004.

 4. Appellees Hockley County Appraisal District and Terry County Appraisal
District may, but are not required to, each file a single brief covering more
than one of the cases in which it is a party. To avoid confusion, the Court
directs that record references be provided to all records as necessary. See
Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed 30 days after
appellants' briefs are filed. Tex. R. App. P. 38.6(b).


 The Court may require additional briefing as necessary. Tex. R. App. P. 38.7. In
all other respects, the motion is denied. It is so ordered.

 Per Curiam 
1. All references to rules are to the Texas Rules of Appellate Procedure.



trong"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00209-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
27, 2010

 



 

CINDY JANE HARRINGTON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 21,208-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Cindy Jane
Harrington, filed notice of appeal from her conviction for possession of a
controlled substance with intent to deliver and accompanying sentence of two years incarceration in the Institutional Division of the
Texas Department of Criminal Justice, suspended, with placement on community
supervision for a period of five years and $1,500 fine.  The certification of defendant=s right of appeal,
executed by the trial court and signed by appellant and her trial counsel,
states that the case Ais a plea-bargain case, and the defendant has NO right
of appeal@ and "the defendant has waived the right of
appeal."  By letter dated June 24,
2010, we notified appellant of this certification and informed her that the
appeal is subject to dismissal based on the certification unless, by July 15,
2010, we received an amended certification illustrating that appellant has the
right to appeal or appellant otherwise demonstrates other grounds for
continuing the appeal.  

To date, this Court has
received neither an amended certification establishing appellants right to
appeal nor the identification of any other ground for continuing the
appeal.  Our review of the clerks record
confirms that this was a plea-bargain case and that appellant affirmatively
waived her right to appeal.  Accordingly,
we must, and do, dismiss the appeal.  Tex. R. App. P.  25.2(d); See also
Chavez v. State, 183 S.W.3d 675, 680 (Tex.Crim.App.
2006) (we must dismiss prohibited appeal without further action).

 

Mackey
K. Hancock

                                       Justice

Do not publish.